**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eliseo SAUCEDO–VASQUEZ, also known as Cuauthtemoc Saucedo–Vasquez, also known as Vincent Bello, Defendant–Appellant.**

**No. 03–20833.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2004.

---

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, Houston, TX, for Plaintiff–Appellee.

John Riley Friesell, Bellaire, TX, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Eliseo Saucedo–Vasquez (Saucedo) appeals his sentence following his guilty-plea conviction for aiding and abetting the transportation of illegal aliens within the United States for commercial advantage and private financial gain, and causing an alien's death, in violation of 8 U.S.C. § 1324(a)(1) and 18 U.S.C. § 2. He argues that the district court erred in increasing his offense level by eight levels pursuant to U.S.S.G. § 2L1.1(b)(6)(4) because the district court failed to make a finding that he acted recklessly in creating a threat of serious bodily injury or death.

Section 2L1.1(b)(6) of the Sentencing Guidelines provides, "If any person died or sustained bodily injury, increase the offense level according to the seriousness of the injury." Section 2L1.1(b)(5) provides for a sentence enhancement "[i]f the offense involved intentionally or recklessly

creating a substantial risk of death or serious bodily injury to another person." That U.S.S.G. § 2L1.1(b)(6) does not specify reckless conduct as a requirement for the enhancement, while U.S.S.G. § 2L1.1(b)(5) specifies it, is a clear indication that reckless conduct is not necessary for an increase under U.S.S.G. § 2L1.1(b)(6). *See United States v. Garcia–Guerrero,* 313 F.3d 892, 895 (5th Cir. 2002).

Because Saucedo has failed to demonstrate any error, plain or otherwise, in the district court's application of the U.S.S.G. § 2L1.1(b)(6)(4) enhancement, the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.